IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 29  A 10: 37

CLERK _____
SO. DIST. OF GA.

DANNY LEE WRIGHT,

       Petitioner,

       vs.

JOSE VAZQUEZ, Warden,

       Respondent.

:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.: CV205-136

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Danny Lee Wright ("Wright"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of *habeas corpus* pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Wright has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Wright was convicted in the Southern District of Florida. The trial court sentenced him to life imprisonment. Wright appealed the conviction, and the Eleventh Circuit Court of Appeals affirmed. The Supreme Court denied a writ of certiorari. Wright's conviction was reduced to 360 months' imprisonment pursuant to 18 U.S.C. § 3582. Wright then filed a 28 U.S.C. § 2255 motion, which the trial court denied. He appealed, and the Eleventh Circuit Court of Appeals denied him a certificate of appealability. Wright filed a second section 2255 motion, which the trial court dismissed as successive; the Eleventh Circuit again denied him a certificate of appealability.

AO 72A
(Rev. 8/82)

In the instant petition, Wright contests his sentence and conviction. Wright claims that his sentence violates the decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Wright argues that he satisfies the savings clause of section 2255 because <u>Blakley</u> is retroactively applicable to cases on collateral review. Wright contends that "no specific drug quantity charge was submitted to, nor returned by, the grand jury." (Doc. No. 1, p. 13.) As a result, Wright avers this resulted in a failure to calculate the correct sentence and that he is "actually innocent." (Doc. No. 1, p. 18.)

Respondent avers that Wright's petition should be dismissed because he does not satisfy the savings clause of 28 U.S.C. § 2255. Respondent contends that Wright had prior opportunities at his sentencing, appeal, and in his previous section 2255 motions to assert his <u>Apprendi</u> arguments. Respondent also contends that Wright's arguments fail because <u>Booker</u> and <u>Blakely</u> are not retroactively applicable to cases on collateral review.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

2

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added).  The petitioner bears the initial burden of resenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy.  Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Wright has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances.  See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished).  None of the circumstances of these cases exists in the case *sub judice*.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255 applies to a claim when:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Wright's conviction became final after the Supreme Court denied his application for certiorari in 1998. See Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed.2d 88 (2003) (recognizing that finality for post conviction relief purposes attaches after the Supreme Court denies a writ of certiorari). Wright alleges that his 360 month sentence is illegal based on Booker. However, the Supreme Court has not made its decisions in Booker and Apprendi retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Apprendi was decided on June 26, 2000, Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. Wright could have made an Apprendi argument during his pervious section 2255 motions. To allow Wright to have his requested relief pursuant to Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review unless and until the Supreme Court expressly states that it should be applied retroactively. See In re Dean, 375 F. 3d 1287, 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)).

4

Wright has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. He cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Wright is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." See Wofford, 177 F.3d at 1245. It is unnecessary to address Wright's actual innocence claim. See id. 177 F.3d at 1244, n.3 (stating that a claim of actual innocence is the proper inquiry after it has been determined that the savings clause applies).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED**, and Wright's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 29th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)